IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 24-CR-10059-JWB |
| ) | |
| DYLAN ELLIS ) | |
| Defendant; ) | |
| _____ ) | |

**UNOPPOSED MOTION FOR
CONTINUANCE**

COMES NOW the Defendant, Dylan Ellis, by and through his attorney, James R. Pratt, and moves this Court to set a pretrial motions deadline, continue the status conference, and jury trial for not less than 60 days from the current trial date of August 5, 2024.

1. The current schedule for this case is:

    a. A status conference is scheduled for July 22, 2024, at 9:00 a.m.

    b. Jury trial is scheduled for August 5, 2024, at 9:00 a.m.

2. We are requesting a continuance of the trial date, the status conference and the setting of a pretrial motions due date.

3. The government, through AUSA Aaron Smith does not object to this request.

4. The indictment in this matter was filed on May 14, 2024.

5. Counsel received discovery from the government on July 9, 2024, and is in the process of reviewing same. Counsel needs additional time to review discovery, despite the exercise of due diligence, and to review and discuss with Mr. Ellis.

6. Mr. Ellis is not in custody and counsel has discussed the requested continuance with him. Mr. Ellis understands the need for the continuance and agrees to the request.

For these reasons, the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7). "[S]ubsection (h)(7) expressly accounts for the possibility that a district court would need to delay a trial to give the parties adequate preparation time." *Bloate v. United States*, 559 U.S. 196, 213 (2010). "[A] district court may exclude preparation time under subsection (h)(7) if it grants a continuance for that purpose based on recorded findings 'that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" Id. at 214. This subsection provides "[m]uch of the Act's flexibility," and gives district courts "discretion . . . to accommodate limited delays for case specific needs." *Zedner v. United States*, 547 U. S. 489, 498-99 (2009). Those needs are present here.

Mr. Ellis has been informed of the statutory right to a speedy trial, joins in this request to continue, and does not object to the tolling of speedy trial time during the requested period.

We therefore ask this Court to make the required findings and continue the pretrial motions deadline, status conference, and jury trial for no less than 60 days from the current trial date of August 5, 2024.

                              RESPECTFULLY SUBMITTED

                              s/ James R. Pratt
                              JAMES R. PRATT, #17716
                              445 N. Waco
                              Wichita, Kansas 67202
                              Ph: (316) 262-2600
                              Fax: (316) 262-2602
                              Jim@PrattLawLLC.com
                              Attorney for Defendant

                              CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to each counsel of record in this case.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None

                              s/James R. Pratt
                              JAMES R. PRATT #17716